UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| YVONNE M. MCELWAIN, ADMINISTRATOR ) | | |
| OF THE ESTATE OF YVONNE T. MCKINNON, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil No. 1:05-CV-93-JAW | |
| ) | | |
| PHILLIPA HARRIS AND RUSSELL ALGREN, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER ON PLAINTIFF'S AND DEFENDANTS' MOTIONS IN LIMINE**

On June 12, 2002, after drinking heavily, Phillipa Harris got into a car, drove around a blind curve on the wrong side of the road, crashed head-on into a car driven by Yvonne McKinnon, and killed her. Having stipulated to liability and in anticipation of a trial on damages, the parties move in limine on several evidentiary issues. This Court rules admissible evidence of the speed of the vehicle Ms. Harris was driving, the fact she went over a double-yellow line, and accident scene photographs, including photographs of the vehicles after the collision. This Court rules inadmissible evidence of Ms. Harris's prior driving record, her history of alcohol use, her intoxication just before the collision, her later conviction for class A negligent homicide, the state sentencing transcript, and the specific allegations in the Special Declaration regarding the negligent entrustment claim against Mr. Algren. It leaves for trial, with some guidance, the admissibility of the financial stakes the decedent's husband and her three daughters may have in the outcome of the case and any details about the status of Mr. and Ms. McKinnon's marriage.

**I. FACTS**

Plaintiff Yvonne M. McElwain, on behalf of the Estate of Yvonne T. McKinnon, brought suit against Defendants Phillipa Harris and Russell Algren arising from a two-vehicle accident on the Ossipee Lake Road in Freedom, New Hampshire, on June 12, 2002, that resulted in injuries to and the death of Yvonne McKinnon.[1,2]  In anticipation of trial, the parties have stipulated:

> On June 12, 2002, Yvonne McKinnon was killed in a motor vehicle collision, when a vehicle operated by Phillipa Harris crossed into her lane, striking her vehicle.  The vehicle operated by Phillipa Harris was owned by Russell Algren.  Russell Algren provided permission to Phillipa Harris to use his vehicle.  Yvonne McKinnon observed the on-coming vehicle crossing into her lane and exclaimed "oh" just before the collision.  She died within seconds after the impact.
>
> Both Phillipa Harris and Russell Algren have agreed that they are liable for causing or contributing to cause the collision and the death of Yvonne McKinnon.  Phillipa Harris and Russell Algren admit that Yvonne McKinnon acted reasonably and was not at fault for the collision or her death.

*Pl.'s Final Pretrial Stat.* at 1 (Docket # 39); *Defs.' Final Pretrial Stat.* at 1-2 (Docket # 35).

On the basis of this stipulation, Ms. Harris and Mr. Algren filed five motions in limine (Docket # 30-34), grounded on Federal Rules of Evidence 401 and 403.  The Defendants posit that because they have stipulated to liability and are making no claim of comparative fault, the sole issue for trial is the amount of damages under New

---

[1] This matter was transferred to the District of Maine after all judges in the District of New Hampshire were recused. (Docket # 6, 7, 8, 9, 10). The Plaintiffs filed this cause of action in New Hampshire Superior Court; the Defendants removed the matter to United States District Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. (Docket # 1).

[2] The Special Declaration originally consisted of three counts:  (1) a recklessness and negligence claim against Ms. Harris; (2) a negligent entrustment claim against Mr. Algren; and, (3) a loss of consortium claim by Mr. McKinnon against both Ms. Harris and Mr. Algren.  On March 13, 2006, however, Mr. McKinnon voluntarily dismissed the loss of consortium claim, *Stip. of Vol. Dismissal of the Loss of Consortium Claim of James F. McKinnon* at 1 (Docket # 22), and on March 14, 2006, this Court granted Plaintiff's Motion to Substitute Party, replacing James F. McKinnon with Yvonne M. McElwain. (Docket # 23).

Hampshire's wrongful death statute. The New Hampshire wrongful death statute provides, in relevant part:

> If the administrator of the deceased party is plaintiff, and the death of such party was caused by the injury complained of in the action, the mental and physical pain suffered by the deceased in consequence of the injury, the reasonable expenses occasioned to the estate by the injury, the probable duration of life but for the injury, and the capacity to earn money during the deceased party's probable working life, may be considered as elements of damage in connection with other elements allowed by law, in the same manner as if the deceased had survived.

N.H. REV. STAT. ANN. § 556:12(I). Ms. Harris and Mr. Algren argue that this Court should exclude the following evidence as not relevant or, in the alternative, unfairly prejudicial to the issue of damages: (1) photographs of the accident scene, including photographs of the vehicles; (2) evidence that Ms. Harris crossed a double-yellow line prior to colliding with Ms. McKinnon; (3) evidence that Ms. Harris was speeding at the time of the accident; (4) the fact that Ms. Harris was convicted of negligent homicide in connection with the accident; (5) evidence that Ms. Harris was intoxicated at the time of the accident; and, (6) evidence that Ms. Harris had a history of speeding and other driving violations, repeated license suspensions, and excessive alcohol consumption.

Ms. McElwain filed two motions in limine. The first seeks admission of a "certified copy of the guilty plea of Phillipa Harris to the [New Hampshire] class A felony of negligent homicide, the portion of the transcribed record of the sentencing hearing detailing the facts upon which the guilty plea and conviction were based, and the allegations in the special declaration with regard to the negligent entrustment claim against Russell Algren," to facilitate the jury's understanding of the basis of the Defendants' liability. *Pl.'s Mot. in Limine to Allow the Jury to Know the Basis of Defs.' Fault* at 3 (Docket # 40). The second seeks to exclude "all evidence and argument

regarding who is to inherit from Ms. McKinnon's Estate." *Pl.'s Mot. in Limine to Exclude Evid. And Arg. Regarding Who is Entitled to Inherit from the Estate of Yvonne McKinnon* at 2 (Docket # 41).

## II.  DISCUSSION

### A.  Rules 401, 402 and 403

Under the Federal Rules of Evidence, only relevant evidence is admissible in court.  FED. R. EVID. 402.  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401; *see also United States v. Lewis*, 40 F.3d 1325, 1339 (1st Cir. 1994).  "The standard for admissibility under [Rule] 401 is a liberal one," *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 (1st Cir. 2001), and background evidence is generally considered relevant.  FED. R. EVID. 401 advisory committee's note ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding.).

If relevant, however, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.  "'Rule 403 is a liberal rule under which relevant evidence generally is admitted.'" *Jacques v. Clean-Up Group, Inc.*, 96 F.3d 506, 516 (1st Cir. 1996) (quoting *United States v. McMahon*, 938 F.2d 1501, 1508 (1st Cir. 1991)).  The Rule "is concerned not with prejudicial evidence, but with unfairly prejudicial evidence." *United States v. Benedetti*, 433 F.3d 111, 118 (1st Cir.

4

2005) (citing *United States v. Moreno Morales*, 815 F.2d 725, 740 (1st Cir. 1987)); *see also Veranda Beach Club Ltd. P'ship v. W. Sur. Co.*, 936 F.2d 1364, 1372 (1st Cir. 1991) (explaining that "trials were never meant to be antiseptic affairs" and that "it is only unfair prejudice, not prejudice per se, against which Rule 403 guards"). Evidence is unfairly prejudicial if it "'invites the jury to render a verdict on an improper emotional basis.'" *United States v. Flemmi*, 402 F.3d 79, 86 n.8 (1st Cir. 2005) (quoting *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000)); *see also United States v. Currier*, 836 F.2d 11, 18 (1st Cir. 1987) ("Unfairly prejudicial evidence . . . is evidence that triggers the mainsprings of human action in such a way as to cause the jury to base its decision on something other than the established proposition in the case." (internal quotation marks and brackets omitted)); FED. R. EVID. 403 advisory committee's note ("Unfair prejudice" sufficient to warrant exclusion of relevant evidence must at a minimum have an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.").

### B. Accident Scene Photographs, Speed, and Double-Yellow Line

Pursuant to New Hampshire's wrongful death statute, the decedent's estate may recover for "the mental . . . pain suffered by the deceased in consequence of the injury." N.H. REV. STAT. ANN. § 556:12(I). The Supreme Court of New Hampshire interpreted this language to mean that "the mental anguish suffered by a decedent in realization and anticipation of an impending accident is compensable . . . ." *Thibeault v. Campbell*, 622 A.2d 212, 215 (N.H. 1993) (citing *Yeaton v. Railroad*, 61 A. 522, 524 (N.H. 1905)). Although the stipulation bears on Ms. McKinnon's mental suffering in consequence of

the impending collision, it falls short of providing a clear picture of the nature and extent of her mental anguish in realization and anticipation of the looming accident.

Evidence of the speed of the vehicle driven by Ms. Harris; the fact that it crossed a double-yellow line separating traffic; and, the photographs of the accident scene, including the photographs of the vehicles, showing the extent of the vehicle's encroachment into Ms. McKinnon's lane, the angle at which the vehicle approached, the size of the vehicle compared to the size of Ms. McKinnon's vehicle, and the damage to each vehicle are all relevant in determining the nature and extent of Ms. McKinnon's mental anguish in the moments preceding her death. This evidence is highly probative of Ms. McKinnon's mental state as events began to unfold, because it relates to whether Ms. McKinnon knew the collision was imminent and, if so, whether she anticipated serious bodily injury or death. In short, the evidence tends to make the existence and extent of Ms. McKinnon's mental anguish "more or less probable than it would be without the evidence." FED. R. EVID. 401.

The Rule 403 balancing test also militates in favor of admitting the photographs, evidence of the double-yellow line, and evidence of the speed at which Ms. Harris was driving at the time of the accident. Although the Defendants assert that this evidence would "inflame the jury," *Mem. in Supp. of Defs.' Mot. In Limine Concerning Photographs of Accident* at 3 (Docket # 30), its considerable probative value is not substantially exceeded by unfair prejudice to Ms. Harris and Mr. Algren.

### C. Admissibility of Ms. Harris's Conviction for Negligent Homicide and Evidence of Intoxication Regarding the Claim Against Her

Ms. Harris argues that because she admitted liability, her intoxication at the time of the collision and her later conviction for negligent homicide should be excluded under

6

Rules 401 and 403. In response, citing case law holding that a defendant is estopped from contesting issues previously decided against her in a criminal proceeding, the Plaintiff points out that Ms. Harris is "collaterally estopped from denying that she caused the death of Yvonne McKinnon by driving while intoxicated" on the basis of her guilty plea. *Pls.' Mem. in Supp. of Pls.' Consol. Obj. to Defs.' Mot. In Limine* at 7; *see Glantz v. United States*, 837 F.2d 23, 25 (1st Cir. 1988); *DiJoseph v. Vuotto*, 968 F. Supp. 244, 246-47 (E.D. Pa. 1997); *King v. Prudential Prop. & Cas. Ins. Co.*, 684 F. Supp. 347, 349 (D.N.H. 1988).

Plaintiff is no doubt correct that if Ms. Harris were attempting to contest liability, she would be precluded from doing so, due to her conviction. Here, however, Ms. Harris has admitted liability and she is not "collaterally estopped from denying" something she is admitting. Rather, the question is whether in view of her admission, the evidence of her criminal conviction and intoxication remains relevant and, if relevant, admissible under a Rule 403 analysis. The Plaintiff argues with some force that evidence of Ms. Harris's conviction and intoxication is relevant and admissible and to omit it would leave "'the jury with an unduly sanitized and incomplete version of the facts.'" *Pl.'s Mem. in Supp. of Pl.'s Consol. Obj. to Defs.' Mot. In Limine* at 8 (quoting *Wilson v. Groaning*, 25 F.3d 581, 584 (7th Cir. 1994)).

The New Hampshire Supreme Court, however, has spoken on this point. In *Gelinas v. Mackey*, Mr. and Ms. Gelinas were injured when a motor vehicle driven by Mr. Mackey, who in a "highly intoxicated state," struck their car. 465 A.2d 498, 499 (N.H. 1983). Mr. Mackey stipulated to liability, leaving damages the only issue. *Id.* Mr. and Ms. Gelinas alleged "wanton" conduct and were permitted at trial to introduce

7

evidence of Mr. Mackey's intoxication on the issue of enhanced compensatory damages. *Id.* In special findings, the jury concluded Mr. Mackey had not acted "wantonly." *Id.* Both the Gelinases and Mr. Mackey appealed. *Id.*

Relying on *Johnsen v. Fernald*, 416 A.2d 1367 (N.H. 1980), the New Hampshire Supreme Court reiterated that "the act of driving while intoxicated did not constitute 'wanton or malicious' conduct as defined at common law for purposes of enhancing damages." *Gelinas*, 465 A.2d at 500. *Gelinas* stated that the "statute provides the only basis for recovery of enhanced damages for driving while intoxicated," and as the accident had taken place before its effective date, it was unavailable to the plaintiffs.[3] *Id.* Having concluded that neither New Hampshire common law nor statute provided a cause of action for enhanced damages caused by operating under the influence, *Gelinas* went further and stated that "the trial court erred in admitting evidence of the defendant's intoxication." *Id.* Since *Gelinas* ruled that the trial court erred in admitting evidence of intoxication, where the defendant had admitted liability, this Court would err if it admitted such evidence here, where Ms. Harris has admitted liability.

The prohibition on evidence of intoxication extends to Ms. Harris' guilty plea to the class A felony of negligent homicide. Negligent homicide is a class A felony in New Hampshire only when the defendant causes the death of another "in consequence of being under the influence of intoxicating liquor . . . ." N.H. REV. STAT. ANN. § 630:3(II). Admission of the guilty plea would be tantamount to admitting evidence of Ms. Harris's intoxication on the day of the collision.

---

[3]It is also unavailable to the Plaintiff here. In 1983, the New Hampshire Legislature repealed the statutory cause of action, which had allowed double damages in accidents caused by certain classes of individuals later convicted of operating under the influence. *McKinnon v. Harris*, No. Civ. 1:05CV93JAW, 2005 U.S. Dist. LEXIS 21095, at *22 n.10 (D.N.H. Sep. 21, 2005).

*Gelinas* also mandates exclusion of Ms. Harris's state sentencing transcript and the specific allegations in the Special Declaration regarding the negligent entrustment claim against Mr. Algren.[4]  Ms. McElwain failed to provide a copy of the portion of Ms. Harris's sentencing transcript she seeks to introduce; however, she has referred to her desire to admit the facts underlying the conviction as revealed in the sentencing colloquy. If the conviction itself is inadmissible, the sentencing transcript, containing the facts upon which the conviction was based, would be similarly inadmissible for the same reasons. The Special Declaration's allegations regarding the negligent entrustment claim also refer to Ms. Harris's state of intoxication. *See Special Declaration* ¶¶ 8, 10.

### D. Admissibility of Ms. Harris' Driving Violations and Alcohol Use Regarding the Negligent Entrustment Claim Against Russell Algren

Ms. McElwain contends that the parties' stipulation does not sufficiently admit Mr. Algren's liability for the negligent entrustment claim.  Thus, the Plaintiff argues, this Court should not exclude evidence of Ms. Harris' driving violations, her history of alcohol use, and Mr. Algren's knowledge thereof.  The Defendants respond they have fully admitted liability and evidence of Ms. Harris' driving violations and alcohol use is not relevant or, alternatively, unfairly prejudicial on the remaining issue of damages.  The stipulation provides:

> The vehicle operated by Phillipa Harris was owned by Russell Algren. Russell Algren provided permission to Phillipa Harris to use his vehicle.
>
> Both Phillipa Harris and Russell Algren have agreed that they are liable for causing or contributing to cause the collision and the death of Yvonne McKinnon.

---

[4] The Defendants have not argued that the Plaintiff is prohibited from referring to the nature of the cause of action against Mr. Algren and this Court is unaware of any basis for excluding such a general reference. Otherwise, the jury would be in the dark as to why Mr. Algren is a party defendant.  The issue here is whether, in doing so, the Plaintiff can introduce otherwise excluded evidence of specific factual allegations.

*Pl.'s Final Pretrial Stat.* at 1; *Defs.' Final Pretrial Stat.* at 1.

Although Plaintiff argues that this stipulation leaves open the question of Mr. Algren's liability, this Court is unclear why. The Defendants, according to the Final Pretrial Order, have "conceded liability." *Rep. of Final Pretrial Conf. and Order* at 1 (Docket # 51). It seems apparent, frustrated by Mr. Algren's admission of liability, the Plaintiff is attempting to infuse into the jury's assessment of damages evidence of Ms. Harris's prior bad acts of intoxication and speeding.[5] Although the Plaintiff's frustration is understandable and New Hampshire law remains counterintuitive, *Gelinas* applies with equal force and forecloses the admission of such evidence where, as here, the defendant has stipulated to liability.

### E. Admissibility of Evidence and Argument Regarding Persons Entitled to Inherit from the Estate

At the time of the accident, Mr. McKinnon, the decedent's husband, was separated from Ms. McKinnon. Concerned a jury might issue an inappropriately stingy award, if it learned that Mr. McKinnon stands to benefit financially from the death of a wife from whom he was separated, Plaintiff moves to exclude "all evidence and argument referring to who is entitled to inherit from the estate of Yvonne McKinnon." *Pl.'s Mot. in Limine to Exclude Evid. and Arg. Regarding Who is Entitled to Inherit from the Estate of Yvonne McKinnon* at 2. She argues that "[h]ow money recovered by the Estate . . . would be distributed is not relevant to the jury's decision regarding how much should be awarded" and, even if relevant, "it should be excluded . . . under Rule 403 . . . ." *Id.* at 1-

---

[5] It is true *Gelinas* does not address evidence of a history of speeding, but the New Hampshire Supreme Court excluded evidence of intoxication because it was "unrelated to the calculation of compensatory damages." 465 A.2d at 500. Similarly, the Plaintiff has made no showing that Ms. Harris's prior history of speeding – as opposed to her speeding just before the accident – bears any relevance to "the calculation of compensatory damages." *See* FED. R. EVID. 403, 404(b).

2. As Defendants point out, however, Plaintiff intends to solicit testimony from James McKinnon and the decedent's three daughters, each of whom is apparently a beneficiary of the Estate.

At this stage, it is unclear what these witnesses are going to say and, therefore, a final ruling will have to await trial.  If the Plaintiff calls them to testify,[6] this Court cannot exclude cross-examination on the basis of their financial self-interest, but it will control it.  After all, it is hornbook law that a jury is instructed that in evaluating the testimony of a witness, it should consider "[a]ny interest that a witness had in the outcome of the case."   WALTER L. MURPHY & DANIEL C. POPE, NEW HAMPSHIRE CIVIL JURY INSTRUCTIONS § 4.1 (3d ed. 1999); *see Rep. of Final Pretrial Conf. and Order* at 8 ("[t]o the extent that the parties agree with the New Hampshire civil jury instructions prepared by authors Murphy and Pope" they will be "the source for preliminary instructions").

Whether Mr. McKinnon was separated from his wife when she died seems beyond tangential to what damages she sustained just before her death, and what damages are statutorily allowable under New Hampshire law, especially now that Mr. McKinnon has dismissed any claim for loss of consortium.  Of course, depending on what he says, the Plaintiff could open the door to cross-examination on this subject.  Before defense counsel questions any witness about the state of Mr. McKinnon's marriage with the decedent, this Court orders counsel to alert the Court he intends to do so and the Court will rule at that time.

### III. CONCLUSION

This Court DENIES:

---

[6] Defendants concede the Plaintiff can keep out this evidence by electing not to call these witnesses at trial. *Obj. to Pl.'s Mot. In Limine to Exclude Evid. and Arg. Regarding Who is Entitled to Inherit from the Estate of Yvonne McKinnon* at 2 (Docket # 47).

11

(1)	Defendants' Motion In Limine Concerning Photographs of Accident (Docket # 30);

(2)	Defendants' Motion In Limine to Exclude Evidence of Double Yellow Line (Docket # 33);

(3)	In part Defendants' Motion In Limine to Exclude Evidence of Speeding and of Motor Vehicle Violations (Docket # 34) insofar as the motion seeks to exclude evidence of speeding immediately prior to the collision;

(4)	Plaintiff's Motion In Limine to Allow the Jury to Know the Basis of Defendants' Fault (Docket # 40); and,

(5)	Plaintiff's Motion In Limine to Exclude Evidence and Argument Regarding Who is Entitled to Inherit from the Estate of Yvonne McKinnon (Docket # 41), but orders defense counsel to alert the Court at trial before any cross-examination addressing the status of Mr. McKinnon's marital relationship with the decedent.

This Court GRANTS:

(1)	Defendants' Motion In Limine to Exclude Evidence of Negligent Homicide Conviction and Guilty Plea (Docket # 31);

(2)	Defendants' Motion In Limine to Exclude Evidence of Alcohol Consumption (Docket #32); and,

(3)	In part Defendants' Motion In Limine to Exclude Evidence of Speeding and of Motor Vehicle Violations (Docket # 34) insofar as the motion seeks to exclude evidence of motor vehicle violations prior to the collision.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2006