UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| YVONNE MCELWAIN, ADMINISTRATOR, ) | |
| OF THE ESTATE OF YVONNE T. MCKINNON, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v.   ) | Civil No. 1:05-CV-93-JAW |
|   ) | |
| PHILLIPA HARRIS AND RUSSELL ALGREN, ) | |
|   ) | |
|   Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION IN LIMINE**

Incarcerated in New Hampshire Women's Prison in Goffstown, Phillipa Harris moves in limine for an order allowing her to attend trial in civilian clothing and to preclude Plaintiff's counsel from referring to her imprisonment.[1] This Court grants her motion.

**I. FACTS**

On June 12, 2002, after drinking heavily, Phillipa Harris got into a car, drove around a blind curve on the wrong side of the road, crashed head-on into a car driven by

---

[1] Defendants argue that at trial Plaintiff's counsel should be precluded from discussing Ms. Harris's incarceration. *Mem. of Law in Supp. of Mot. in Limine Concerning Attendance of Def. at Trial* (*Defs.' Mem.*) at 3 (Docket # 52). Plaintiff counters that Ms. Harris's presence at trial may result in her being called as a witness. *Pl.'s Obj. to Defs.' Mot. in Limine Concerning Attendance of Phillipa Harris at Trial* (*Pl.'s Obj.*) ¶ 6 (Docket # 54). Plaintiff contends that "if Ms. Harris is called as a witness, questioning may lead in an unexpected direction, which unintentionally reveals her present status or makes revelation of her present status necessary in order not to mislead the jury." *Id.* Thus, she argues that Ms. Harris's presence "will be problematic because it is likely to open the door to allowing in the very evidence defendants are attempting to exclude." *Id.* In its April 6, 2006 Order, this Court excluded evidence of Ms. Harris's intoxication on the day of the collision and her subsequent conviction for class A negligent homicide. *Order on Pl.'s and Defs.' Mot. in Limine* at 6-8 (Docket # 53). Allowing Plaintiff to reveal Ms. Harris's incarceration would contravene this Order. In view of the stipulation of liability, although her testimony could be relevant purely on damages, it is unclear what Ms. Harris could offer as a witness. Plaintiff is correct that Ms. Harris's testimony, depending upon its scope, could prove problematic. Before either party calls her to testify, that party must notify the Court in advance and obtain a preliminary ruling.

Yvonne McKinnon, and killed her.   Ms. Harris is currently incarcerated in state prison in Goffstown, New Hampshire, on a negligent homicide conviction in connection with the collision in this case.  *Mem. of Law in Supp. of Mot. in Limine Concerning Attendance of Def. at Trial* (*Defs.' Mem.*) at 1 (Docket # 52).  Ms. Harris is concerned that, due to her incarceration, she will not be permitted to attend trial and, if permitted, will have to appear in prison uniform.  She argues that the right to attend one's own jury trial is implicit in both the federal and New Hampshire Constitutions;[2] to prevent an individual from attending her own jury trial is "fundamentally inconsistent with the due process rights afforded by the Fourteenth Amendment"; and, her incarceration as revealed by her prison uniform is not relevant or, alternatively, unfairly prejudicial to the issue of damages.

## II. DISCUSSION

### A.  Ms. Harris's Right to be Present at Trial

In *Fillippon v. Albion Vein Slate Co.*, the United States Supreme Court recognized the right of a civil litigant to be present in some capacity during the trial of her case:

> We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict.

250 U.S. 76, 81 (1919); *see also Rogers v. United States*, 422 U.S. 35, 38-39 (1975);

---

[2] Plaintiff, citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Byrd v. Blue Ridge Elec. Coop.*, 356 U.S. 525 (1958); and, *Hanna v. Plumer*, 380 U.S. 460 (1965), posits that the law of New Hampshire is inapplicable where, as here, the issue is procedural in nature and not outcome determinative.  *Pl.'s Obj.* ¶ 8 (Docket # 54).  In general, a federal court sitting in diversity applies the substantive law of the forum state and federal procedural rules.  28 U.S.C. § 2072; *Erie R. Co.*, 304 U.S. at 78.  A state law "that would be controlling in an action upon the same claim by the same parties in a State court" is substantive under *Erie* if it would "significantly affect the result of a litigation for a federal court to disregard it."  *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945).  Here, neither party claims New Hampshire law differs from federal law with respect to a civil litigant's right to appear in civilian clothing at her trial.

*Shields v. United States*, 273 U.S. 583, 589 (1927). *Fillippon*, however, left open the question whether a civil party, if represented by counsel, has a right to be physically present.[3] The First Circuit has never directly resolved this question.[4]

Other circuits are split. *Compare Kulas v. Flores*, 255 F.3d 780, 786 (9th Cir. 2001) ("In a civil suit, the parties do not have a constitutional right to be personally present during trial."), *and Arrington v. Robertson*, 114 F.2d 821, 823 (3d Cir. 1940) ("The due process clause of the Fifth Amendment to the Constitution requires that a defendant be accorded the right to be present *in person or by counsel* at every stage of . . . trial." (emphasis supplied)), *with Preferred Prop., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 797 (6th Cir. 2002) ("[T]here is no doubt that a civil litigant has the right to be present *in person* 'at all proceedings from the time the jury is impaneled until it is discharged after rendering a verdict.'" (quoting *Fillippon*, 250 U.S. at 81) (emphasis supplied)), *Helminski v. Ayerst Labs.*, 766 F.2d 208, 213-218 (6th Cir. 1985) (finding that, consistent with the Due Process Clause of the Fifth Amendment, a civil litigant may be excluded from her own trial only in certain circumstances), *and Macartney v. Compagnie Generale Transatlantique*, 253 F.2d 529, 536 (9th Cir. 1958) (interpreting *Fillippon* to mean that "*both parties (and their counsel)* are entitled to attend all proceedings from the time the jury is impaneled until it is discharged." (emphasis supplied)).

Regardless whether a party's right to attend a civil trial rises to constitutional

---

[3] In criminal cases, Federal Rule of Criminal Procedure 43 explicitly provides defendants with the right to be personally present at "every trial stage, including jury impanelment and the return of the verdict . . . ." *See United States v. Parent*, 954 F.2d 23, 24-25 (1st Cir. 1992). There is no corresponding civil rule.

[4] In a civil case, citing *Fillippon*, the First Circuit ruled that "'written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object.'" *Voutour v. Vitale*, 761 F.2d 812, 816 (1st Cir. 1985) (quoting *Fillippon*, 250 U.S. at 81).

3

dimension,[5] under *Fillippon*, it at least implicates the "right to be heard."  250 U.S. at 81.  To this end, *Helminski* and *Preferred Props.* provide a useful framework.  In *Helminski*, the Sixth Circuit held that a civil litigant does not have an absolute right under the Fifth or Seventh Amendments to be personally present during her trial.  766 F.2d at 213.  The Court reasoned that a litigant's due process right to be present may, in some circumstances, be sufficiently protected in the party's absence if the litigant is represented by counsel.  *Id.*  Nevertheless, *Helminski* determined that a civil party who desires to be present at trial may not be arbitrarily excluded merely because she has obtained representation.  *Id.*  To exclude a party on that basis would violate due process.  *Id.* at 213-14.  Due process would be satisfied, however, if a litigant were excluded because she was unable to "comprehend the proceedings and aid counsel," engaged in "disruptive behavior," or waived her right to be present.  *Id.* at 216-17.  In *Preferred Props., Inc.*, the Sixth Circuit opined that, absent one of these circumstances, "a civil litigant has the right to be present in person 'at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict.'"  276 F.3d at 797 (quoting *Fillippon*, 250 U.S. at 81).

Here, Ms. McElwain does not contend that Ms. Harris falls within any of the three *Helminski* exceptions.  Plaintiff concedes that Ms. Harris is unlikely to disrupt the trial,[6] see *Pl.'s Obj. to Defs.' Mot. in Limine Concerning Attendance of Phillipa Harris at Trial*

---

[5] *Compare Helminski*, 766 F.2d at 213 (right found in the Due Process Clause of the Fifth Amendment), *and Arrington*, 114 F.2d at 823 (same), *with United States v. Alessandrello*, 637 F.2d 131, 137 n.9 (3d Cir. 1980) (noting that the Supreme Court characterizes the right as a "rule of orderly conduct of a trial by jury," rather than one "encompassed within due process").

[6] Plaintiff cites *Kulas*, 255 F.3d at 786, in support of her position that the Seventh Amendment does not guarantee a party in a civil case the right to be personally present at trial if represented by counsel.  *Pl.'s Obj.* ¶ 8 (Docket # 54).  While it is true *Kulas* holds that parties do not have a constitutional right to be personally present during a civil trial, *Kulas* affirmed the district court's decision to remove a pro se plaintiff from the courtroom only because he was disruptive.  255 F.3d at 787.  Thus, *Kulas* approved the exclusion of a party from trial on one of the three grounds for exclusion articulated in *Helminski*.

(*Pl.'s Obj.*) ¶ 8 (Docket # 54), and does not argue that she has waived her right to appear in person.  In addition, Plaintiff does not contend that Ms. Harris would be unable to comprehend the proceedings and aid counsel; she merely argues that Ms. Harris would not want to aid counsel because she has no financial stake in the outcome.[7]  *Id.* ¶ 4.

Plaintiff's true contention appears to be the potentially misleading effect of Ms. Harris's appearance at trial.  *Id.* ¶¶ 1, 8.  Plaintiff argues that to permit Ms. Harris's appearance (particularly if she is in civilian clothing) would "mislead the jury to believe that Ms. Harris is leading a normal civilian life," thereby "disrupt[ing] the fairness of the trial."  *Id.*  This Court will not assume, as Plaintiff does, that the jury will act contrary to instructions.  Here, the parties have stipulated to liability and the jury's focus must be solely on compensatory damages; its duty will be to compensate for the harm Ms. Harris proximately caused.  If the jury were to impose damages based on its impressions of the civilian status of the Defendant, it would be acting improperly.

Moreover, if her presence could mislead the jury, so could her absence.  Here, Ms. McElwain has civilly charged Ms. Harris with causing Ms. McKinnon's death.  To try the case against an empty chair could send a strong implicit message to the jury that Ms. Harris has compounded her stipulated fault by neglecting even to attend trial, thereby risking a distinct and more profound disruption of fairness.  It could also signal that the reason she is not present is that the real party in interest is not Ms. Harris, but her insurer.

Even though Plaintiff has suggested a number of alternatives to Ms. Harris's presence,[8] where the right to be heard is a fundamental right and may extend to Ms.

---

[7] According to Plaintiff, Ms. Harris has no financial interest in the outcome, because Plaintiff has agreed to limit the claim to the available insurance proceeds.  *Pl.'s Obj.* ¶ 3 (Docket # 54).
[8] Plaintiff suggests that Ms. Harris could be made available to counsel before and after trial at New Hampshire Women's Prison in Goffstown; that she could be confined to a separate room in the courthouse,

Harris's right to be physically present at her civil trial,[9] the balance must be struck in favor of her presence. This Court grants Defendants' motion in limine to allow Ms. Harris to be present in the courtroom during the upcoming trial.[10]

### B. Ms. Harris's Right to Wear Civilian Clothing at Trial

In both civil and criminal cases, the right to a fair trial is fundamental. *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995); *Bailey v. Sys. Innovation, Inc.*, 852 F.2d 93, 98 (3d Cir. 1988) ("[F]airness in a jury trial, whether criminal or civil in nature, is a vital constitutional right."); *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242, 248 (7th Cir. 1975) ("the right to a fair trial [is] guaranteed by the Sixth Amendment to criminal defendants and to all persons by the Due Process Clause of the Fourteenth Amendment"). In both types of cases, courts "must be alert to avoid practices that may undermine the fairness of the factfinding process." *Davidson*, 44 F.3d at 1122; *see also Estelle v. Williams*, 425 U.S. 501, 503 (1976). With criminal trials, it is well settled that a defendant may not be required to wear identifiable prison garb over her objection. *Estelle*, 425 U.S. at 503-05; *United States v. Pina*, 844 F.2d 1, 8 (1st Cir. 1988); *Walker v. Butterworth*, 599 F.2d 1074, 1080 (1st Cir. 1979); *see also Illinois v. Allen*, 397 U.S. 337, 344 (1970) (in a criminal case, neither the defendant nor witnesses for the defendant may be required to testify in shackles absent an "extreme need"). To do so would violate

---

where she could consult with defense counsel during breaks and watch the trial on closed circuit television; that counsel could be directed not to refer to Ms. Harris's absence from trial; and that the Court could instruct the jury that Ms. Harris's presence was not required because the issues were limited to damages alone and no negative inference should be drawn from her absence. *Pl.'s Obj.* ¶ 7. Any and all of these alternatives could be explored where a party cannot or should not be present during a civil trial, but as Ms. Harris can and wants to be present and no other compelling circumstances exist, it is unnecessary to consider these alternatives.

[9] Absent circumstances not implicated here.

[10] The Plaintiff has raised questions about security, transportation from New Hampshire Women's Prison, and other similar issues. These matters are not currently before the Court; however, this Court expects defense counsel to make whatever arrangements are necessary to comply with state and federal regulations and policies to respond to any concerns occasioned by the physical presence of the Defendant.

the constitutional right to a fair trial – specifically, the deprivation of the presumption of innocence. *Estelle*, 425 U.S. at 504-05; *Moore v. Ponte*, 186 F.3d 26, 35 (1st Cir. 1999) ("[P]rison or jail attire constantly reminds juror's of the defendant's incarceration and could affect their judgment.").

A number of circuit courts have expressed concern about an incarcerated party attending a subsequent civil trial in restraints. *See, e.g., Davidson*, 44 F.3d at 1122-25 (prisoner's 42 U.S.C. § 1983 action); *Lemons v. Skidmore*, 985 F.2d 354, 356-59 (7th Cir. 1993) (same); *Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) (same); *Tyars v. Finner*, 709 F.2d 1274, 1285 (9th Cir. 1983) (habeas petitioner challenging involuntary commitment to state hospital). Although these courts have held that the trial court has discretion to order physical restraints on a party in a civil case when the court believes the restraints are necessary to maintain safety or security, they have also ruled that no restraints greater than necessary should be imposed and the trial court must take steps to minimize any prejudice. "In contrast to the use of physical restraints when they serve a legitimate security purpose," however, "the [Supreme] Court [has] recognized that prison or jail attire furthers no essential state policy." *Moore*, 186 F.3d at 35 (citing *Estelle*, 425 U.S. at 505).

Prison garb could prejudice the jury and undermine the Defendants' right to a fair trial on damages.[11] Moreover, this Court has excluded Ms. Harris's guilty plea and conviction for negligent homicide and any evidence of her intoxication. *See Order on*

---

[11] This is not to minimize the potential security concerns from prisoners appearing inside a courtroom in civilian clothes. Prison garb can be an effective deterrent to escape; civilian clothes can present an incentive to do so. Further, the need to change from prison to civilian garb can raise issues of security, privacy, and the possibility of sequestering prison contraband. Individual defendants may carry enhanced risks. Here, neither party has raised these concerns; as with transportation, this Court directs defense counsel to consult with state and federal authorities to respond to any security concerns caused by Ms. Harris's court appearances in civilian clothes.

*Pl.'s and Defs.' Motions in Limine* at 6-9 (Docket # 53).  Ms. Harris's daily appearance in prison attire would inevitably lead the jury to speculate why she was in jail and would be an ever-present reminder of her incarceration.  The jury would be hard pressed not to guess that her imprisonment resulted from the collision at issue, and to conjecture what she had done beyond the accident itself to merit prison.  The likelihood of substantial prejudice is manifest and this Court will not allow the jury to receive by indirection that which it may not receive directly.

### III. CONCLUSION

This Court GRANTS Defendants' Motion in Limine Concerning Attendance of Defendant at Trial (Docket # 52).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2006